IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE ALLEN-MURPHY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1494 |
| | : | |
| GYMONE MURPHY, | : | |
|     Defendant. | : | |

<u>MEMORANDUM</u>

**PEREZ, J.**                                                                                                                             July 8, 2025

      *Pro Se* Plaintiff Eunice Allen-Murphy commenced this civil action against Defendant Gymone Murphy, alleging physical and sexual abuse.  She also seeks leave to proceed *in forma pauperis*.  (ECF Nos. 1 & 5.)  For the following reasons, the Court will grant the motion for leave to proceed *in forma pauperis* and dismiss the Complaint (ECF No. 2).  Her motion for default judgment (ECF No. 6) will be denied.

**I.     FACTUAL ALLEGATIONS**[1]

      Allen-Murphy provides few facts in her Complaint.  She identifies Defendant Murphy as her husband, provides a Pennsylvania address for him, and notes that he is an employee of the Southeastern Pennsylvania Transportation Authority (SEPTA).[2]  (Compl. at 2, 4.)  She provides

---

[1] The factual allegations set forth in this Memorandum are taken from the Complaint and publicly available dockets of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] Allen-Murphy checked the box on the form she used indicating that she seeks to name the Defendant in his official capacity.  She appears not to have understood the implication of checking the official capacity box.  Claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant, here, allegedly SEPTA.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against

a New Jersey address for herself.  (*Id*. at 2.)  She claims that, in May 2024, Murphy "intentionally, knowingly or recklessly caus[ed] . . . serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon."  (*Id*. at 4.)  She alleges that Murphy made her fear "imminent serious bodily harm."  (*Id*.)  Allen-Murphy states that she "is having criminal charges [filed against] him."[3]  (*Id*.)

Allen-Murphy filed this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of her due process rights under the Fourteenth Amendment, and under "Title 23 Section 6102(a)(1-2)," which appears to be a reference to 23 Pa. Cons. Stat. § 6102(a).  (*Id*. at 3.)  Allen-Murphy claims that Murphy "knowingly and recklessly caus[ed]" mental and physical injuries, including

---

an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*  Because Allen-Murphy does not attempt to allege an official capacity claim, *see Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), the Court will liberally construe the Complaint to assert a claim against the Defendant in his individual capacity.  *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

[3] Public records reflect that Gymone Murphy is scheduled to be tried on charges of endangering the welfare of children and two counts of simple assault in September 2025.  *See Commonwealth v. Murphy*, CP-51-CR-0003241-2024 (C.P. Philadelphia).

serious bodily injuries requiring multiple surgeries to her face. (*Id*. at 5.) She requests declaratory relief[4] and compensatory and punitive damages.[5] (*Id*. at 5, 7.)

## II. STANDARD OF REVIEW

Allen-Murphy appears to be incapable of paying the filing fees to commence this action, so the Court will grant her leave to proceed *in forma pauperis*. When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, among other things, that the Complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing the Complaint under §1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their

---

[4] Retrospective declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."). Allen-Murphy's request is accordingly improper and will be denied.

[5] Allen-Murphy requests damages in the amount of $1 billion in one part of her complaint, but requests $1 million elsewhere. (*Compare* Compl. at 5 *with* 7.) She subsequently filed a motion for default judgment (ECF No. 6), which reflects that she seeks $1 million in damages. (*Id*. at 1.)

complaints to support a claim." *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III.     DISCUSSION

#### A.   Claim Pursuant to 42 U.S.C. § 1983

Allen-Murphy filed this lawsuit pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Allen-Murphy asserts that Murphy violated her right to due process under the Fourteenth Amendment.  However, even under a liberal construction of the Complaint, Allen-Murphy has not alleged a plausible basis for her due process claim.

Murphy is not a state actor here for purposes of § 1983, and thus, Allen-Murphy's claim against him cannot proceed.  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims).  Allen-Murphy notes that Murphy is a SEPTA employee, but the mere fact of his employment there does not make him a state actor in this civil action.  "Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations

omitted). In assessing whether a private party's action constitutes state action the Court will consider: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

None of those criteria are met here. The accusations that Murphy has physically and sexually assaulted Allen-Murphy, and that Murphy caused her to suffer serious physical injuries, clearly do not involve the state but rather reflect Murphy's alleged actions as a private individual. *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (concluding that, in order to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982))). Allen-Murphy has not alleged any facts to support an inference that the state would be "responsible for the specific conduct" of Murphy in the alleged spousal abuse. *Id*. The Court will dismiss the § 1983 claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

### B. State Law Tort Claim

Allen-Murphy employs language which suggests that she wants to raise a claim for her alleged personal injuries, but there is no federal cause of action for personal injury. (*See* Compl. at 5 (stating that "[her] husband knowingly and recklessly caus[ed] serious bodily injuries")); *Blot v. Town of Colonie*, No. 14-0991, 2017 WL 61943, at *21 (N.D.N.Y. Jan. 5, 2017). Accordingly, she would need to seek such relief through state tort law. *See, e.g.*, *Kelly v. Resource Housing of America, Inc.*, 615 A.2d 423, 426 (Pa. Super. Ct. 1992) (providing pleading

standard under Pennsylvania law for intentional infliction of emotional distress claim, which must include physical injury or harm); *Montgomery v. Bazaz-Sehgal*, 742 A.2d 1125, 1130 (Pa. Super. Ct. 1999) (explaining that, in Pennsylvania, "(1) [a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (b) an offensive contact with the person of the other directly or indirectly results." (quoting Restatement (Second) of Torts § 18(1)(a), (b) (1965))); *see also E.J.M. v. Archdiocese of Philadelphia*, 622 A.2d 1388, 1393 (Pa. Super. Ct. 1993) (stating in case of sexual assault, "the underlying cause of action is fundamentally one for battery, which basically is defined as an intentional unconsensual harmful contact").

Considering that the Complaint fails to state a plausible federal claim upon which relief may be granted, the Court will decline to exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c); *Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Emps.*, 974 F.2d 391, 398 (3d Cir. 1992) ("[I]t is well settled that, after disposal of a federal claim, a district court has discretion to hear, dismiss, or remand a supplemental claim for which there is no independent basis for federal subject matter jurisdiction."). The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a federal district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*,

800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344. It is the plaintiff's burden to establish diversity of citizenship. *See Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

In the Complaint, Allen-Murphy provides a New Jersey address for herself and a Pennsylvania address for the Defendant. (Compl. at 2.) On the Cover Sheet for her Complaint, Allen-Murphy checks the box for "Incorporated or Principal Place of Business In This State" as to the Defendant and identifies Philadelphia his county of residence. (*Id*. at 7.) She checks "Incorporated and Principal Place of Business In Another State" for herself and provides Camden as her county of residence. (*Id*.) For screening purposes at this juncture, Allen-Murphy has adequately alleged diversity. However, with respect to the alleged damages, she claims amounts ranging from $1 million (*id*. at 7) to $1 billion (*id*. at 5). Ordinarily, "the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Hardy v. Tharrington*, No. 23-1342, 2023 WL 2477741, at *4 (M.D. Pa. Jan. 17, 2023) (citation and quotation marks omitted). "Making a claim in good faith means a plaintiff's estimations of the amounts recoverable must be realistic and objective, not based on fanciful, pie-in-the-sky, or simply

wishful amounts." *Hafer v. Farmers Ins. Agency*, No. 22-0808, 2022 WL 17555522, at *2 (E.D. Cal. Dec. 9, 2022) (cleaned up). Allen-Murphy alleges she has $1 billion or $1 million in damages, but it is unclear which figure she intended. She provides conclusory statements of "mental and physical injury," and that she has had multiple surgeries on her face but that is the full extent of what is alleged in her Complaint. This will not suffice to meet the jurisdictional requirement here. *See Chouduri v. Wells Fargo Bank, N.A.*, No. 15-3608, 2016 WL 3212454, at *3 (N.D. Cal. Jun. 10, 2016) (concluding that "bare unsupported assertions as to the amount in controversy will not satisfy the jurisdictional requirement"); *see also Mariano v. 61-63 Bond St. F&B*, No. 22-7189, 2023 WL 2329854, at *4 (E.D.N.Y. Mar. 2, 2023) ("Plaintiff's bare and conclusory allegations are insufficient to establish plausibly that the amount in controversy requirement has been met."). However, Allen-Murphy will be given another opportunity to file an amended complaint that clarifies her jurisdictional allegations and alleges a plausible factual and legal basis for any claims she wants to assert under state tort laws. Alternatively, she may opt to refile her claim in state court, where federal jurisdiction will not be an issue.[6]

---

[6] Allen-Murphy cites to "Title 23 Section 6102(a)(1-2)," which appears to refer to state law 23 Pa. Cons. Stat. § 6102(a)(1)-(2), part of Pennsylvania's Protection from Abuse Act. 23 Pa. Const. Stat. § 6102(a) provides, in relevant part:

> **"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
> (2) Placing another in reasonable fear of imminent serious bodily injury.

*Id.* To the extent that Allen-Murphy cites this provision in her Complaint to bolster her Fourteenth Amendment claim, as explained above, Murphy is not a state actor for the purposes of §1983 and the claim is not plausible. To the extent that Allen-Murphy seeks to invoke the protections of the act itself, the statute requires that she file a petition in the Pennsylvania Court

## III. CONCLUSION

For the reasons stated, the Court will dismiss Allen-Murphy's claim alleged pursuant to 42 U.S.C. § 1983 with prejudice because it is not plausible. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Absent a federal question, the Court will therefore decline to exercise supplemental jurisdiction and dismiss this case for lack of subject matter jurisdiction. The dismissal will be without prejudice to Allen-Murphy filing an amended complaint in the event she can allege a basis for subject matter jurisdiction over her state claims or, alternatively, filing a complaint in the proper state court so she may proceed on her claims in that venue.[7]

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**MIA R. PEREZ, J.**

---

of Common Pleas. *See* 23 Pa. Cons. Stat. § 6106(a) (providing that a party must "fil[e] a petition with the court alleging abuse by the defendant"); *Gok v. United States*, No. 22-4838, 2023 WL 4189758, at *2 n.1 (E.D. Pa. Jun. 23, 2023) (noting that a party seeking protection under the act must commence an action in the state Court of Common Pleas); *see also For the Public: Civil Protection Orders*, THE UNIFIED JUD. SYS. OF PA, https://www.pacourts.us/forms/for-the-public (last visited June 16, 2025).

[7] On this review for subject matter jurisdiction, the Court expresses no opinion on the merit of Allen-Murphy's claims. Should Allen-Murphy seek to file an amended complaint in this Court she must provide more than just the "bare bones" and conclusory legal assertions she offers in this Complaint and provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.