IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE ALLEN-MURPHY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1494 |
| | : | |
| GYMONE MURPHY, | : | |
|     Defendant. | : | |

<u>MEMORANDUM</u>

**PEREZ, J.**                                                                               **OCTOBER 14, 2025**

Currently before the Court is an Amended Complaint filed by *pro Se* Plaintiff Eunice Allen-Murphy against Defendant Gymone Murphy (ECF No. 10). For the following reasons, the Court will dismiss the Amended Complaint. Allen-Murphy's motion for default judgment (ECF No. 11) will be stricken.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**[1]

Allen-Murphy alleges that she was married to Murphy. (Am. Compl. at 3.) She claims that he was physically and emotionally abusive between 2015 and 2024. (*Id*.) Allen-Murphy

---

[1] The factual allegations set forth in this Memorandum are taken from the Amended Complaint ("Am. Compl."), which consists of a form complaint the Clerk of Court provides to unrepresented litigants, and several documents Allen-Murphy attached to it. The Court may also consult publicly available dockets of which it may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Because the Amended Complaint supersedes the original Complaint, the allegations set forth in the Amended Complaint govern. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)). The Court thus cannot look to the original Complaint "to help fill the factual void in [Allen-Murphy's] amended complaint." *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin*, 604 U.S. at 35). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

-
-

attached to her Amended Complaint copies of Domestic Violence Reports of the Philadelphia Police Department from 2015 and 2016 reflecting that she had reported that Murphy harassed her by telephoning her. (*Id*. at 14-17.) Copies of incident reports from December 2016 and January 2017 show that Allen-Murphy complained that Murphy violated the terms of their child custody agreement by refusing to take the family dog when he picked up the children and, on another occasion, by failing to pick up the children at the agreed-upon time. (*Id*. at 18-20.) Murphy was charged in May 2024 with endangering the welfare of children and two counts of simple assault and is awaiting trial on those charges. *See Commonwealth v. Murphy*, CP-51-CR-0003241-2024 (C.P. Philadelphia).

Allen-Murphy claims that Murphy "failed to protect" her by continuously retaliating against her, and that he filed a fraudulent lien on the property where she resides. (*Id*.) Allen-Murphy alleges that she had two facial surgeries, surgery on her right knee, and mental trauma.[2] (*Id*. at 4.) She further asserts that the couple's daughter has also been injured physical and emotionally.[3] (*Id*.)

Allen-Murphy originally filed this civil action on March 18, 2025, alleging federal and state claims. (*See* ECF No. 2.) She also submitted a motion for leave to proceed *in forma pauperis*. (*See* ECF No. 1.) In a July 8, 2025 Memorandum and Order, the Court granted her

---

[2] Allen-Murphy attached apparent hospital records from March 2015 documenting surgery on her right wrist. (*Id*. at 21-23.) According to that record, Allen-Murphy sustained the injury from her work in 2011. (*Id*. at 21.)

[3] To the extent that Allen-Murphy intends to bring a claim on her daughter's behalf, she would not have standing to do so. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). *Pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-3 (3d Cir. 1991) (father could not pursue claims on behalf of minor children).

motion for leave and dismissed the Complaint in part with prejudice and in part without prejudice. *See Allen-Murphy v. Murphy*, No. 25-1494, 2025 WL 1902299, at *1 (E.D. Pa. Jul. 8, 2025). The Court dismissed Allen-Murphy's federal constitutional claim with prejudice because Murphy was not a state actor for purposes of 42 U.S.C. § 1983. *Id*. at *3. The Court also dismissed any state law claims because Allen-Murphy did not plausibly allege diversity jurisdiction. *Id*. at *4. The Court granted Allen-Murphy leave to file an amended complaint to reassert her state law claims if she could plausibly plead the Court's subject matter jurisdiction. *Id*. at *5.

Allen-Murphy filed her Amended Complaint on August 12, 2025. (ECF No. 10.) She once again seeks to bring a § 1983 claim and a state law claim she refers to as "Breach of Contract (Personal Injury)." (*Id*. at 4.) She requests declaratory relief and money damages of $1 million per person.[4] (*Id*.)

## II.   STANDARD OF REVIEW

Because Allen-Murphy was granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains " sufficient factual matter, accepted as true, to state a

---

[4] As the Court instructed in its prior Memorandum dismissing her original Complaint, retrospective declaratory relief is unavailable to adjudicate past conduct. *Allen-Murphy*, 2025 WL 1902299, at *2 (citing *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another.")). Allen-Murphy's improper request will again be dismissed.

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted). For example, *pro se* litigants must comply with the directives of Federal Rule of Civil Procedure 8, requiring a short and plain statement of "the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3); *see also March*, 2025 WL 2417754, at *2 (vacating and remanding dismissal of *pro se* plaintiff's bare-bones amended complaint where district court used original complaint in its analysis "to help fill in the factual void").

In addition, the Court must review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted).

III.  DISCUSSION

    A.  § 1983 Claim

Allen-Murphy against asserts a claim for relief under § 1983, even though the Court dismissed the same claim against Murphy with prejudice in its July 8 Order. (*See* ECF No. 9 at 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, the claim remains implausible because Murphy is not a state actor for purposes of § 1983. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims). "Whether a defendant is acting under color of state law – *i.e.*, whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Allen-Murphy claims that Murphy was physically and emotionally abusive, retaliated against her, and that he filed a fraudulent lien on the property where she resides. (Am. Compl. at 3.) None of these actions could be considered action "of the State itself," *Leshko*, 423 F.3d at 339, and merely utilizing legal processes does not transform private action into action of the state. *See generally*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotations omitted). The § 1983 claim will be dismissed with prejudice.

### B. State Law Claim

Allen-Murphy also seeks to raise a state law claim. Because the Court has dismissed the federal claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim. Although she checked "Federal Questions" and not "Diversity of Citizenship" on the form as the basis of jurisdiction for her civil action, the Court will nonetheless consider whether Allen-Murphy has adequately pleaded diversity jurisdiction so that the Court may consider her state law claim. *Vogt*, 8 F.4th at 185 (explaining that the Court will "apply the relevant legal principle even when the complaint has failed to name it."). The only independent basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d at 104 (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met). Allen-Murphy does not plausibly plead diversity jurisdiction in her Amended Complaint. On the form, she lists a New Jersey address for herself and a Pennsylvania address for Murphy. (Am.

Compl. at 1-2.) But she has not alleged the state citizenship of either herself or Murphy and has left the space for doing so on the form blank. (*Id*. at 3.) An address alone is insufficient to adequately allege state citizenship for diversity jurisdiction purposes. *See Alexander v. Greystar*, No. 25-3300, 2025 WL 1850955, at *2 (E.D. Pa. July 2, 2025) ("An individual's address or residence alone is insufficient to establish domicile for purposes of determining citizenship.") (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (noting that use of the term "resident," rather than "domiciliary" or "citizen," is an improper means of pleading citizenship for purposes of diversity jurisdiction); *see also Muchler v. Greenwald*, 624 F. App'x 794, 799 n.3 (3d Cir. 2015) (*per curiam*) ("As this Court has previously recognized, averments that parties are 'residents' of their respective states, rather than 'citizens' or 'domiciliaries' of those states, 'are jurisdictionally inadequate' for purposes of determining diversity of citizenship jurisdiction." (quoting *McNair*, 672 F.3d at 219 n.4)). Accordingly, her claim will be dismissed for lack of subject matter jurisdiction.[5]

---

[5] The Court expresses no opinion on the merit of Allen-Murphy's claims. If Allen-Murphy files a second amended complaint in this Court, however, she must comply with the requirements of Rule 8 and provide more than just vague and conclusory references to the Defendant's alleged "fail[ure] to protect," "continuous[ ] retalia[tion]," filing for a fraudulent lien, and physical and emotional abuse over a nine-year period. (Am. Compl. at 3.) *See Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019) (explaining that the Court must consider whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."); *Hunter v. Barrett*, No. 22-78, 2022 WL 18358969, at *5 (W.D. Pa. Nov. 16, 2022) (dismissing complaint vaguely alleging "failure to protect," "retaliation" and "assault and battery" under Rule 8). Furthermore, Pennsylvania has a two-year statute of limitations period to assert claims for personal injury, and thus any claims for injuries alleged before March 18, 2023 may be time-barred. *See* 42 Pa. Cons. Stat. § 5524.

### III. CONCLUSION

For the reasons stated, the Court will dismiss Allen-Murphy's claim alleged pursuant to 42 U.S.C. § 1983 with prejudice because it is not plausible. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Absent a federal question, the Court declines to exercise supplemental jurisdiction and will dismiss all state law claims for lack of subject matter jurisdiction without prejudice to Allen-Murphy having a final chance to file a second amended complaint in the event she can allege a basis for subject matter jurisdiction over her state claim. Alternatively, Allen-Murphy can bring her claims in the proper state court where state citizenship will not be involved. The "Notice of Praecipe of Enter Default Judgment" will be stricken.[6]

An appropriate Order follows, which provides further instruction as to amendment.

                                                **BY THE COURT:**

*/s/ Mia R. Perez*
**HON. MIA R. PEREZ**

---

[6] Allen-Murphy's default judgment request is improper because the Murphy has not been served in this case. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").