IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUNICE ALLEN-MURPHY,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1494 |
| | : | |
| **GYMONE MURPHY,** | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 14th day of October, 2025, upon consideration of Plaintiff Eunice Allen-Murphy's *pro se* Amended Complaint (ECF No. 10) and "Notice of Praecipe of Enter Default Judgment" (ECF No. 11), it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED** for the reasons stated in this Court's Memorandum and as follows:

    a. The claim asserted pursuant to 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**.

    b. All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. Allen-Murphy may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Allen-Murphy's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim. When drafting her second amended complaint, Allen-Murphy should be mindful of the Court's reasons

for dismissing the claims in her initial Complaint and the Amended Complaint as explained in the Court's Memoranda.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.  The Clerk of Court is **DIRECTED** to send Allen-Murphy a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Allen-Murphy may use this form to file her second amended complaint if she chooses to do so.

4.  If Allen-Murphy does not wish to file a second amended complaint and instead intends to stand on her Amended Complaint, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.  If Allen-Murphy fails to file any response to this Order, the Court will conclude that Allen-Murphy intends to stand on her Amended Complaint and will issue a final order

dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

6. Alternatively, Allen-Murphy may opt to refile her claim in state court where federal jurisdiction will not be an issue.

7. The "Notice of Praecipe of Enter Default Judgment is **STRICKEN**.

**BY THE COURT:**

**HON. MIA R. PEREZ**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).