IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUNICE ALLEN-MURPHY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1494 |
| : | |
| GYMONE MURPHY, : | |
|     Defendant. : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                          **JANUARY 7, 2026**

      Plaintiff Eunice Allen-Murphy filed a *pro se* civil action against her former husband Gymone Murphy alleging civil rights and state tort law claims. The Court previously granted her leave to proceed *in forma pauperis*. Upon screening under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed her Complaint in part with and in part without prejudice, and permitted leave to amend. *See Allen-Murphy v. Murphy*, No. 25-1494, 2025 WL 1902299, at *1 (E.D. Pa. Jul. 8, 2025). After Allen-Murphy filed an Amended Complaint, the Court against dismissed it with and without prejudice, and granted her leave to amend once more if she could allege a plausible basis for subject matter jurisdiction over her state claim. *Allen-Murphy v. Murphy*, No. 25-1494, 2025 WL 2917091, at *4 (E.D. Pa. Oct. 14, 2025). Allen-Murphy responded by filing a Second Amended Complaint (ECF No. 14) on October 16, 2025, and a then Third Amended Complaint (ECF No. 15) on January 2, 2026. For the reasons stated, the Court will dismiss Allen-Murphy's Second Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Third Amended Complaint will be stricken as unauthorized.[1]

---

[1] Under the Federal Civil Rules of Procedure, a party may amend his complaint *once* as a matter of course according to the provisions of Rule 15(a)(1), but otherwise it may only amend with an opposing party's written consent "or the court's leave." Fed. R. Civ. P. 15(a)(2). Allen-

I.    **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**[2]

Allen-Murphy alleges that between January 2013 and August 2022, her ex-husband, Defendant Murphy, injured her wrist, knee, and face. (ECF No. 14 at 3.) She states that her daughter witnessed the abuse and filed charges against him. (*Id*.) Allen-Murphy asserts that she is a citizen of New Jersey, and Murphy is a citizen of Pennsylvania. (*Id*.)

Allen-Murphy also claims that Murphy made "fraudulent" reports about her to Allen-Murphy's then-employer, the Philadelphia Police Department. (*Id*.) She says that Murphy "entrapped [her] by slander." (*Id*.) Allen-Murphy contends that Murphy submitted frivolous documents to her employer with the "malicious intent" of causing her termination. (*Id*.)

Allen-Murphy filed the Second Amended Complaint on October 16, 2025. For injuries, she notes that she has had surgeries on her hand, wrist, face, and knee, and that she requires many medications to treat her mental and physical injuries.[3] (*Id*. at 4.) Allen-Murphy checked the box indicating that she intends to bring claims based on diversity jurisdiction, although she

---

Murphy neither provided written consent to amend her complaint for a third time nor did she seek or obtain the Court's leave. Accordingly, the operative complaint considered for these purposes is the Second Amended Complaint.

[2] The factual allegations set forth in this Memorandum are taken from the Second Amended Complaint, which consists of a form complaint the Clerk of Court provides to unrepresented litigants, and several attached documents. (ECF No. 14.) The Court may also consult publicly available dockets of which it may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Where the Court quotes from the Second Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[3] As in her Amended Complaint, Allen-Murphy has attached apparent hospital records from 2015 and 2016. (*Id*. at 6-13.) They are largely unintelligible except for some notes concerning respiratory and throat illnesses, (*id*. at 7, 11), and a one-page undated Consent for Procedure form that lists "surgery," (*id*. at 6). Because Allen-Murphy has included medical records and the name of a possible minor child, the Court will restrict access to ECF Nos. 10 and 14.

also alleges claims for violations of her due process rights and of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, in addition to her state law claims. (*Id.* at 2.) She requests declaratory relief and money damages of $1 million per person.[4] (*Id*. at 4.)

## II.     STANDARD OF REVIEW

As Allen-Murphy was granted *in forma pauperis* status, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Second Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in Allen-Murphy's Second Amended Complaint as true, draw all reasonable inferences in her favor, and ask only whether the Second Amended Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Allen-Murphy is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

---

[4] The Court has instructed Allen-Murphy in its prior two Memoranda that retrospective declaratory relief is unavailable to adjudicate past conduct. *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."). Allen-Murphy's improper request is again dismissed.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commonwealth of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). Further, the Court must dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted).

### III.  DISCUSSION

#### A.  Section 1983

In its two previous Memoranda, the Court explained that Defendant Murphy is not a state actor and that he is not liable for a claim asserted under 42 U.S.C. § 1983. *See Allen-Murphy*, 2025 WL 1902299, at *1; *Allen-Murphy*, 2025 WL 2917091, at *3; *see also Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). The claim has been dismissed with prejudice—twice. Any claim alleged under Section 1983 remains dismissed with prejudice for the reasons explained in the Court's two prior Memoranda.

#### B.  ADA Claim

Allen-Murphy lists the ADA among the bases of federal jurisdiction for her claims in her complaint form. (ECF No. 14 at 2.) The ADA has four subchapters, covering employment,

4

public services, public accommodations and services operated by private entities, and "miscellaneous." *See generally* 42 U.S.C. §§ 12101-12203. To the extent that Allen-Murphy seeks to add a new claim in her Second Amended Complaint, however, the bare mention of the ADA—without any factual allegations of discrimination based on disability in employment, public services, public accommodations or otherwise—fails to set forth a plausible claim or basis of federal jurisdiction. *See Haberle v. Troxell*, 885 F.3d 170, 178-79 (3d Cir. 2018) (explaining that under Title II of the ADA, a plaintiff must assert that "(1) [s]he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or was subjected to discrimination by any such entity; (4) by reason of her disability." (cleaned up)); *cf. Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 n.10 (E.D. Pa. Oct. 7, 2022) (explaining that a "'passing reference' . . . without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). In any event, an ADA claim is not plausible here because the proper defendant in a Title II claim is a public entity or an official acting in his official capacity, and Allen-Murphy's ex-husband is not a public entity or official. 42 U.S.C. § 12131(1)(A)-(B) (providing that "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government"); *Rix v. McClure*, No. 10-1224, 2011 WL 166731, at *6 (D. Kan. Jan. 19, 2011) (dismissing ADA claim against husband because plaintiff did not allege facts showing that husband qualified as a "public entity"). To the extent Allen-Murphy has alleged an ADA claim, it will be dismissed with prejudice.

### C. State Law Claim

The Second Amended Complaint is Allen-Murphy's third opportunity to allege a plausible state law claim subject to this Court's jurisdiction, but she once again is unsuccessful.[5] When the Court dismissed the Amended Complaint earlier, it allowed Allen-Murphy to file a second amended complaint if she could allege a plausible state law claim over which the Court could exercise subject matter jurisdiction. *See Allen-Murphy*, 2025 WL 2917091, at *3-4. The Court instructed that, if she chose to amend her pleading, Allen-Murphy would be required to comply with Federal Rule of Civil Procedure 8 and provide "more than just vague and conclusory references" to mental and physical abuse. *Id*. at *3 n.5. The Court also specifically warned her that Pennsylvania's two-year statute of limitations to allege claims for personal injuries applies, and "thus any claims for injuries alleged before March 18, 2023 may be time-barred. *See* 42 Pa. Cons. Stat. § 5524." *Id*.

In her Second Amended Complaint, Allen-Murphy alleges that her state of citizenship is New Jersey and that Murphy is a citizen of Pennsylvania. (ECF No. 14 at 3.) She claims monetary damages of $1 million. (*Id*. at 4.) Although she may have sufficiently pleaded diversity jurisdiction under 28 U.S.C. § 1332(a) for screening purposes, Allen-Murphy has still failed to allege a plausible tort claim under Pennsylvania law. She devotes only two sentences in her factual summary to the allegation that Murphy harmed her. (*See* ECF No. 14 at 3, III.C. (alleging that Murphy injured her wrist, knee, and face, and that her daughter witnessed abuse).) Allen-Murphy now claims for the first time that Murphy "slandered" her character by "filing frivolous documents" with her employer to have her fired. (*Id*.) She further states that the

---

[5] As the Court has previously explained, with her federal claims dismissed, the Court will not exercise supplemental jurisdiction over any state law claims.

6

events alleged in the Second Amended Complaint occurred between January 2013 through August 2022. (*Id.*)

As the Court has explained, the statute of limitations for personal torts in Pennsylvania is two years, and her claims of injuries that occurred prior to March 18, 2023 are time-barred. *See Oldham v. Pa. State Univ.*, 138 F.4th 731, 751 (3d Cir. 2025) (explaining that a two-year period of limitation applies for actions for battery and negligent and intentional infliction of emotional distress under 42 Pa. Cons. Stat. § 5524(1), (7)). In light of Allen-Murphy's *pro se* status, the Court will construe the "slander" allegation as a claim for defamation, but that does not assist her either since, in Pennsylvania, a cause of action for defamation is subject to a one-year limitations period, meaning that this claim is time-barred as well. *See Oldham*, 138 F.4th at 751 (noting that a one-year limitations period under 42 Pa. Cons. Stat. § 5523(1) applies for actions alleging defamation). Nowhere has Allen-Murphy asserted that her claims are subject to tolling, nor could she plausibly do so.[6] Accordingly, because Allen-Murphy has brought her state law claims well beyond the two- and one-year limitations periods for such actions under Pennsylvania law, they will be dismissed.

## IV.    CONCLUSION

As set forth more fully above, Allen-Murphy's Second Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because Allen-

---

[6] The Court takes judicial notice of another civil action filed by Allen-Murphy in 2016 in which she sued Murphy and other individuals. *Allen v. FOP Member John McGrody, Vice President, et al.*, Civ. A. No. 16-2756 (E.D. Pa.). In that lawsuit, she stated that her hand surgery took place on March 19, 2015, and that Murphy had illegally recorded her that day and then provided the recording to "a number of individuals and agencies." *Id.*, ECF No. 1 at 2-4. She attached documents reflecting her 2015 termination from the Philadelphia Police Department. *Id.*, ECF No. 1 at 10-32. In short, she has already alleged in another matter in this Court that the injuries occurred in 2015, and a lawsuit filed in 2016 confirms that she knew of the injuries by that time, at the very latest.

Murphy was already given two opportunities to amend the defects in her claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows, which dismisses this case.

BY THE COURT:

_____
**HON. MIA R. PEREZ**
